1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 ROBERT LEE BILLIE,                          No.  1:23-cv-00985-NODJ-EPG (PC)

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                TO DISMISS THIS ACTION WITHOUT
13        v.                                    PREJUDICE FOR FAILURE TO
                                                PROSECUTE
14 CONNIE GIPSON, et al.,
                                                OBJECTIONS, IF ANY, DUE
15              Defendants.                     WITHIN 30 DAYS

16

17        Plaintiff Robert Lee Billie is a state prisoner proceeding *pro se* and *in forma pauperis* in

18 this civil rights action filed pursuant to 42 U.S.C. § 1983. For reasons stated below, the Court

   recommends that this case be dismissed without prejudice for failure to prosecute.

19

20        Plaintiff filed his initial complaint on June 23, 2023. (ECF No. 1). After the Court issued a

   screening order finding no cognizable claims (ECF No. 11), Plaintiff filed Second Amended

21 Complaint on October 16, 2023 (ECF No. 14). While waiting for the Court to screen the second

22 amended complaint, Court order reassigning the case (ECF No. 15), which was served on

23 Plaintiff via mail, was returned to Court on December 18, 2023 marked as "undeliverable, RTS,

24 Decease, Unable to Forward." Consistent with Local Rule 183(b) and this Court's Informational

25 Order (ECF No. 6 at 5), both of which warned the Plaintiff that his case will be dismissed for

26 failure to prosecute if he failed to comply, the Clerk of Court noted on the docket that the

27 deadline for Plaintiff to update his address with the Court was February 26, 2024. That deadline

28 has now passed and Plaintiff (or Plaintiff's representative) has not responded.

1

Although Federal Rule of Civil Procedure 25 permits a decedent's successor or representative to file a motion for substitution—which must be filed within ninety days of service of a statement noting the death—adherence to the Rule 25 procedure is not feasible in this case. To trigger the ninety-day period for filing a motion for substitution, the suggestion of death must be served upon a non-party successor or representative of the deceased party in accordance with Rule 4. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The burden of serving successors or representatives is placed on the "suggesting party." *Id.* at 233. There is no "suggesting party" in this case; Plaintiff's death has come to the Court's attention through a notice on the returned envelope. No defendants have been served or formally appeared in this action. There are also no other parties who could identify successors or representatives of the deceased party and effectuate service of a statement noting death.

In the past, in similar circumstances, this Court has dismissed the case for failure to prosecute. In *Irby*, the Court was notified of Plaintiff's death by a party who was named as a defendant but has not yet been served or formally appeared in the case, and there were no other parties who could effectuate service of a statement noting death. *See Irby v. Naranjo*, No. 2:21-cv-01039-KJM-JDP (PC), 2022 WL 224257, at *1 n.1 (E.D. Cal. Jan. 25, 2022), *report and recommendation adopted*, No. 2:21-cv-01039-KJM-JDP (PC), 2022 WL 584213 (E.D. Cal. Feb. 25, 2022). Under these circumstances, the Court found that adherence to Rule 25's procedure was not feasible and held that dismissal without prejudice for failure to prosecute was appropriate. *Id.* The same action—dismissal for failure to prosecute—is appropriate here.

Accordingly, the Court RECOMMENDS that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders;

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 27, 2024**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE